UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

De Fa Chen,

                              Plaintiff,

            -against-

Nara Sushi 76 Inc. d/b/a Nara Sushi d/b/a Nara
Sushi 76 d/b/a Kumo Sushi, Guimin Lin, Kathy
Zeng, and Bo Huang,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   10/7/2022
```

22 Civ. 34 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, De Fa Chen, brings this action against Defendants Nara Sushi 76 Inc. d/b/a Nara Sushi d/b/a Nara Sushi 76 d/b/a Kumo Sushi, Guimin Lin, Kathy Zeng, and Bo Huang, claiming, *inter alia*, unpaid wages (including overtime wages) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, illegally withheld wages, and wage notice and statement violations under the New York Labor Law ("NYLL") § 190 *et seq. See generally* Compl., ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 14-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 14. For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

### I.   Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or

bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

2

II.    <u>Analysis</u>

The Settlement provides Plaintiff with a recovery of $11,523, Letter at 2; *see also* Settlement ¶¶ 2–3.  Plaintiff estimates his best-case recovery to be $23,474.48, meaning that the proposed settlement offer is roughly 49.09% of the possible recovery under Plaintiff's best-case scenario for damages.  Letter at 2.  The parties acknowledge that any litigation would likely have been protracted, likely ending in a trial, and the settlement allows Plaintiff to receive all the money in a lump sum "instead of over a drawn out payment plan, or after years of litigation and collection efforts."  *Id.*  And, Plaintiff has concerns about his ability to recover damages should he have prevailed in the lawsuit because of Defendants' "reduced [financial] capabilities" caused by the COVID-19 pandemic.  *Id.*; *see also Lliguichuzhca*, 948 F. Supp. 2d at 365 ("[P]otential difficulty in collecting damages militates in favor of finding a settlement reasonable.").  Further, the parties note the "costs and . . . uncertainty of protracted litigation" they face if this case proceeds.  Letter at 2.  In addition, the parties state that the Settlement was the product of "arms-length negotiations."  Settlement at 1.  Plaintiff was represented by experienced counsel throughout the mediation.  Letter at 3–4.

However, the parties do not explicitly state that there was no fraud or collusion in the negotiation of the Settlement.  *See generally* Letter.  The Court therefore cannot find that the factors outlined in *Wolinsky* are met.

In addition, the Settlement contains a liability release, which the Court finds improper.  Settlement ¶ 4.  The Settlement releases from liability numerous entities beyond Defendants, including "predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, shareholders, employees, representatives, and attorneys."  *Id.*  Although the release clause is limited only to claims

> regarding any matter in connection with [Plaintiff's] pay, his rate(s) of pay, overtime pay, minimum wage violations, spread of hours, Wage Theft Prevention Act violations, recordkeeping violations, and/or any claims of retaliation for having brought or raised any of the foregoing claims and any other claims or allegations made in th[is] [a]ction,

3

as well as any related attorney's fees and/or costs incurred in the prosecution of this litigation,

*id.*, "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [D]efendant[s]." *Lara v. Air Sea Land Shipping & Moving Inc*., No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019) (citation omitted).  And, Plaintiff is afforded no release from liability whatsoever.  *See generally* Settlement.  The Court cannot conclude that the Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Settlement.

Turning to attorney's fees and costs, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds, in the amount of $6,000 in fees, and $477 in costs.  Letter at 2.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted).  "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit."  *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases).  As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel, Vincent Wong and Michael Brand of the Law Offices of Vincent S. Wong, have submitted contemporaneous time records that document their work on this matter.  Letter at 4; *see id.* Ex. 2, ECF No. 14-2.  Wong billed approximately 14.6 hours, at a rate of $450 per hour.  *Id.* Ex. 2. Brand billed about 6.7 hours, at a rate of $350 per hour.  *Id.*  The Court finds these rates reasonable.

*See Hernandez v. El Azteca y El Guanaco Rest Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2 (S.D.N.Y. Dec. 9, 2021).  Plaintiff's counsel requested lodestar is therefore $8,915.  This results in a lodestar multiplier of 1.49.  "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."  *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  On this basis, the Court accepts the multiplier of 1.49, and determines attorney's fees of $6,000 to be reasonable under the circumstances, particularly given that it amounts to a third of the total settlement award.  *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases).  The Court also finds the costs, which are supported by documentation, *see* Compl.; Letter at Ex. 2, to be reasonable.  *Fisher v. SD Protection Inc.*, 948 F.3d 593, 601–02 (2d Cir. 2020).

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to refiling a revised letter and settlement agreement.  The revised letter shall specifically address the remaining factor outlined in *Wolinsky*.  The revised settlement agreement shall also narrow the release provision so as not to confer an unearned benefit to entities and individuals beyond the parties in this action.

By **November 7, 2022**, the parties shall file their revised letter and settlement agreement.

SO ORDERED.

Dated: October 7, 2022
    New York, New York

_____

ANALISA TORRES
United States District Judge