```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/2/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

De Fa Chen,

                         Plaintiff,

-against-

Nara Sushi 76 Inc. d/b/a Nara Sushi d/b/a Nara Sushi 76 d/b/a Kumo Sushi, Guimin Lin, Kathy Zeng, and Bo Huang,

                         Defendants.

22 Civ. 34 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, De Fa Chen, brings this action against Defendants Nara Sushi 76 Inc. d/b/a Nara Sushi d/b/a Nara Sushi 76 d/b/a Kumo Sushi, Guimin Lin, Kathy Zeng, and Bo Huang, claiming, *inter alia*, unpaid wages (including overtime wages) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, illegally withheld wages, and wage notice and statement violations under the New York Labor Law § 190 *et seq. See generally* Compl., ECF No. 1. After reaching a settlement (the "Settlement"), ECF No. 14-1, the parties sought the Court's approval of their proposed agreement. *See* Letter, ECF No. 14. On October 7, 2022, the Court denied the parties' motion without prejudice to renewal and ordered the parties to file a revised settlement letter and agreement (the "Order"). ECF No. 16. Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 17-1, and the parties' renewed motion for settlement approval (the "Revised Letter"), ECF No. 17. For the reasons stated below, the parties' motion is GRANTED.

## DISCUSSION

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the United States Department of Labor or a district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve

agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

In the Revised Letter, the parties explicitly state that there was no fraud or collusion in the negotiation of the Revised Settlement. Revised Letter at 1. Having satisfied that factor and the other *Wolinsky* factors, *see generally* Revised Letter, Revised Settlement, *see also* Order at 2, the Court concludes that the Revised Settlement meets each of the *Wolinsky* factors.

The Court previously found that the Settlement's liability release provision was too broad. *See* Order at 3–4. The Revised Settlement significantly narrows the scope of the release clause. The release clause now applies to Defendants instead of numerous entities beyond Defendants. Revised Settlement ¶ 4. The release is also mutual—e.g.,

> Defendants release, waive, acquit[,] and forever discharge Plaintiff from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action . . . which Defendants may have to claim to have against Plaintiff regarding any matter in connection with his employments with Defendants and any

other claims or allegations made in th[is] [a]ction, as well as any related attorney's fees and/or costs . . . .

*Id.* ¶ 5.  Accordingly, the Court determines that the release clause of the Revised Settlement is fair and reasonable.  *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (citing approval of release clauses that are "limited to the claims at issue in this action"); *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement).

The Court also previously found that the attorney's fees and costs sought in this action are reasonable.  Order at 4–5.

## CONCLUSION

For the reasons stated above and in the Order, the parties' request for approval of the Revised Settlement is GRANTED.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: May 2, 2023
    New York, New York

_____
ANALISA TORRES
United States District Judge